```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

JERMAINE SEAMS,                )
                               )
    Plaintiff,                )
                               )
    v.                        )
                               )    C.A. No. 14-13301-DPW
                               )
MASSACHUSETTS DEPARTMENT OF    )
CORRECTION, et al.,            )
                               )
    Defendants.               )

<u>MEMORANDUM AND ORDER</u>
March 27, 2015

For the reasons set forth below, the plaintiff's motion for leave to proceed *in forma pauperis* is granted, summonses shall issue as to two defendants, and the plaintiff's motion for counsel is denied without prejudice.

### I. Background

Jermaine Seams, who is incarcerated at the North Central Correctional Institution at Gardner, brings this action in which he alleges that prison officials and correction officers at MCI Concord failed to protect him from an attack on him by other inmates while he was a pretrial detainee. Seams claims that prison officials knew that he had previously been attacked by rival gang members while incarcerated and that the general population of MCI Concord included members of the rival gang. The plaintiff further alleges that when he was released from segregation into the general population, he was brutally beaten by the rivals and had to be transported to nearby Emerson Hospital. According to Seams, while he was at the hospital, a MCI Concord prison guard informed the plaintiff that prison

officials had made a "mistake" by releasing Seams into the MCI Concord general population. Seams represents that he was subsequently transferred to a different prison, where he spent several days in the infirmary. He states that two inmates were criminally charged for the assault.

Seams names as defendants the the Massachusetts Department of Correction ("DOC"), MCI Concord Superintendent Raymond Marchilli, MCI Concord Sergeant Phillip Kong, and eight "John Doe" defendants, all of whom are DOC employees working at MCI Concord (Deputy Superintendent of Operations, Deputy Superintendent of Classification, Director of Security, Director of Classification, Inner Perimeter Security Team Commander, and three prison guards). The plaintiff asserts claims 42 U.S.C. § 1983 and state tort law.

## II. Discussion

**A.  Motion to Proceed *In Forma Pauperis***

Upon review of the plaintiff's motion for leave to proceed *in forma pauperis*, I conclude that the plaintiff has sufficiently demonstrated that he is without income or assets to prepay the filing fee. Accordingly, the motion is allowed. Pursuant to 28 U.S.C. § 1915(b)(1), an initial partial filing fee of $52.33 is assessed. The remainder of the fee, $297.67, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

**B.  Screening of the Complaint**

Because Seams is proceeding *in forma pauperis*, the complaint is subject to a preliminary screening under 28 U.S.C.

§ 1915(e)(2). Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are malicious, frivolous, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). Further, a court has an obligation to inquire *sua sponte* into its own jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). In reviewing the sufficiency of the complaint, I liberally construe the pleading because the plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The DOC must be dismissed as a defendant because, as an agency or department of the Commonwealth of Massachusetts, it enjoys immunity from suit in federal courts pursuant to the Eleventh Amendment of the United States Constitution.[1] The Eleventh Amendment is generally recognized as a bar to suits in federal courts against a state, its departments and its agencies, unless the state has consented to suit or Congress has overridden the state's immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).

Here, I cannot discern any claim for relief for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden it. By enacting the Massachusetts Tort Claims Act, the Commonwealth did not waive its Eleventh Amendment immunity. *See Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003). Further, a state is not a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, I will dismiss the DOC as a defendant in this action.

**C. Motion for Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), I "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, I must must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24.

4

Because the defendants have not been served with or responded to the complaint, I am unable to make this determination. The motion for counsel is therefore denied without prejudice. Seams may renew the motion after Marchilli and Kong have been served with and responded to the complaint.

**D.   John Doe Defendants**

Summonses will issue as to Marchilli and Kong at this time; however, no summonses will issue as to any of the "John Doe" defendants. Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. *See Martínez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007). If, through discovery, Seams discovers the true names of the "John Doe" defendants, he "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims." *Id.* at 8 n.5.

### III.  Conclusion

Accordingly:

(1)  The motion for leave to proceed *in forma pauperis* (#2) is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), an initial partial filing fee of $52.33 is assessed. The remainder of the fee, $297.67, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the treasurer of the institution having custody of the plaintiff.

(2)  The Massachusetts Department of Correction shall be dismissed as a defendant.

5

(3) The Clerk shall issue summonses as to Raymond Marchilli and Phillip Kong, and plaintiff shall serve a copy of the summons, complaint, and this order upon each of these defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. If the plaintiff elects to have service completed by the United States Marshals Service ("USMS"), the USMS shall effect service as directed by plaintiff with all costs of service to be advanced by the United States. The plaintiff is responsible for providing the USMS with all documents for service, including a completed USM-285 form for each defendant. The Clerk shall provide the plaintiff with the appropriate number of USM-285 forms.

(4) The plaintiff shall have 120 days from the date of this order to complete service.

(5) The motion for appointment of counsel is DENIED WITHOUT PREJUDICE to renewal after defendants Marchilli and Kong have been served with and responded to the complaint.

(6) At this time, summonses shall not issue as to the "John Doe" defendants. If the plaintiff later discovers the true names of these defendants, he may amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

SO ORDERED.

    /s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE